UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRENA DOMKIENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| -v- | ) |
| | ) |
| MENARDS, INC. | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

To: The United States District Court for the Northern District of Illinois.

Plaintiff's Counsel: Alexander M. Tolmatsky
3400 Dundee Road, Ste. 150
Northbrook, IL 60062
A.Tolmatsky@lawamt.com

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant, Menard, Inc., by and through its attorneys, Gary T. Jansen, Nicole D. Milos, and Laura E. Fahey, of Cremer, Spina, Shaughnessy, Jansen & Siegert, LLC, hereby files this *Notice of Removal* of the above-captioned matter from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In support of this *Notice*, Defendant respectfully states as follows:

1. On June 2, 2015, Plaintiff, Irena Domkiene, filed a *Complaint* with the Circuit Court of Cook County, Law Division, Chicago, Illinois (See Exhibit "A", Plaintiff's *Complaint*).

2. On June 10, 2015, Defendant, Menard, Inc. was served with Plaintiff's *Complaint* and *Summons*.

3. Plaintiff's *Complaint* alleges that on November 22, 2014, Plaintiff, Irena Domkiene, was injured at a Menard's store located at 9140 S. Harlem Avenue, Chicago, Illinois (See Exhibit

"A"). Plaintiff alleges she slipped and fell on the premises (See Exhibit "A"). Upon information and belief, Plaintiff, Irena Domkiene, is a citizen of the State of Illinois.

4. Defendant Menard, Inc. is a corporation duly organized and existing under the laws of Wisconsin, with its principal place of business in the State of Wisconsin, at 5101 Menard Drive, Eau Claire, Wisconsin. As such Defendant Menard, Inc. is a citizen of the State of Wisconsin.

5. Plaintiff's *Complaint* prays for judgment in a sum in excess of Fifty Thousand Dollars ($50,000.00) (See Exhibit "A"). The Illinois Supreme Court Rule 222 Affidavit attached to Plaintiff's *Complaint* states that the damages sought in this cause exceed Fifty Thousand Dollars (See Exhibit "A").

6. Plaintiff's *Complaint* alleges that Irena Domkiene suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind, that the Plaintiff was caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries (See Exhibit "A"). Further, the *Complaint* alleges that Plaintiff was caused to, and did lose, much time from her employment, thereby incurring losses of large sums of money, including wage loss, and the Plaintiff has been, and in the future will be prevented from attending to her usual affairs and duties (See Exhibit "A").

7. On April 22, 2014, Plaintiff's attorney's office informed Menard's third party administrator's claims adjustor that Plaintiff was still treating for her right elbow and multiple fractures in her right hand. Further, Menard's third party administrator's claims adjustor was advised that Plaintiff will be having surgery on her hand on May 2, 2014.

8. Where a plaintiff's complaint alleges permanent injuries and significant medical expenses it is apparent from the face of the complaint that damages exceed the jurisdictional amount.

*McCoy v. General Motors Corp.*, 226 F. Supp.2d 939, 942 (N.D. Ill. 2002), *see also Gallo v. Homelite Consumer Products*, 371 F. Supp. 2d 943, 948 (N.D. Ill. 2005).

9. 28 U.S.C. § 1446 imposes a 30 day limitation upon a defendant to timely file a notice of removal. Therefore, the only information a defendant can generally rely upon is the allegations of a plaintiff's complaint.

10. On June 12, 2015, Defendant, Menard, Inc.'s counsel sent a letter to Plaintiff's attorney, requesting that Plaintiff stipulate to damages of less than $75,000, in lieu of removal of the case to federal court (See Exhibit "B", Defense counsel's June 12, 2015 letter). Plaintiff's attorney did not respond to the letter.

11. Therefore, it appears to a reasonable probability that Plaintiff seeks damages exceeding $75,000, exclusive of interest and costs.

12. The United States District Court for the Northern District of Illinois has original jurisdiction over this matter under 28 U.S.C. §1332 (a)(2)(c)(1), there being diversity between the citizenship of Plaintiff and that of Defendant, and the matter in controversy exceeding the sum or value of $75,000, exclusive of interest and costs.

13. Therefore, this lawsuit is removable from state court to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §1441 (a) and 28 U.S.C. §1332 (a)(2)(c)(1).

14. Menard, Inc.'s *Notice of Removal* is timely because it was filed within thirty days after the receipt by Defendant, through service, of the initial pleading setting forth the removable claims for relief. 28 U.S.C. § 1446(b).

15. Written notice of the filing of the *Notice of Removal* has been served on Plaintiff through his counsel, as required by 28 U.S.C. §1446 (d).

16. A true copy of this *Notice of Removal* has been filed with the Circuit Court of Cook County, Illinois, as provided by 28 U.S.C. §1446 (a).

17. By filing this *Notice of Removal,* Defendant Menard, Inc., does not waive any jurisdictional objections or any other defenses that are available.

WHEREFORE, Defendant, Menard, Inc., respectfully requests that this civil action be removed from the Circuit Court of the Cook County, Illinois, and that this Court accept jurisdiction over this action, and henceforth, that this action be placed on the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

Respectfully submitted,

s/Gary T. Jansen
One of the Attorneys for Defendant
MENARD, INC.

Gary T. Jansen
Nicole D. Milos
Laura E. Fahey
CREMER SPINA, SHAUGHNESSY JANSEN & SIEGERT LLC
One North Franklin, 10th Floor
Chicago, IL 60606
Ph. (312) 726-3800
Fax (312) 726-3818

329960