ELECTRONICALLY FILED
6/2/2015 8:23 PM
2015-L-005617
CALENDAR: F
PAGE 1 of 4
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

IRENA DOMKIENE,

    Plaintiff,

-v-

MENARDS, INC.,

    Defendant.

## COMPLAINT AT LAW

NOW COMES the Plaintiff, IRENA DOMKIENE, by counsel, and complaining of the Defendants, MENARDS, INC., a Wisconsin corporation doing business in the State of Illinois, states as follows:

1. That on November 22, 2014, and for a long time prior and subsequent thereto, the Defendants, MENARDS, owned, operated, maintained and controlled the premises located at 9140 South Harlem Avenue, in the City of Chicago, County of Cook and State of Illinois.

2. That in the course of their said operation, Defendants MENARDS, invited the Plaintiff, IRENA DOMKIENE, to enter said premises.

3. That on or about said date, the Plaintiff, IRENA DOMKIENE, was on the premises of said Defendant, pursuant to said invitation.

4. That at all times material herein, the Plaintiff, IRENA DOMKIENE, was in the exercise of ordinary care and caution for her own safety and free from contributory negligence.

5. That it then and there became and was the duty of Defendants MENARDS, by and through their duly authorized agents, servants, and/or employees, to exercise reasonable care in the care and maintenance of said premises for the safety of those persons, including the Plaintiff, who were lawfully on said premises.

6. That at said time and place, Defendant MENARDS, by and through its duly

06-09-15A10:52 RCVD

EXHIBIT A

ELECTRONICALLY FILED
6/2/2015 8:23 PM
2015-L-005617
PAGE 2 of 4

authorized agents, servants, and/or employees, notwithstanding its duty aforesaid, was guilty of one or more of the following negligent and careless acts or omissions:

    (a) Carelessly and negligently collected and left its wet shopping carts in the foyer of the premises for an unreasonable long period of time, creating a condition that the Defendant knew or should have known was hazardous;

    (b) Carelessly and negligently failed to inspect said foyer and wet shopping carts and maintain it in a safe condition;

    (c) Carelessly and negligently failed to warn patrons, including the Plaintiff, that the foyer was unsafe and hazardous by reason of the water running off the shopping carts on to its floor, resulting in a puddle of water under, near and around the foyer space where its shopping carts were stored and offered for use by the patrons;

    (d) Carelessly and negligently failed to repair or eliminate the unsafe and hazardous condition or remove its wet shopping carts for an unreasonably long period of time;

    (e) Carelessly and negligently failed to properly maintain said foyer and shopping carts;

    (f) Carelessly and negligently failed to properly clean the floor;

    (g) Carelessly and negligently permitted and allowed the water to run off its shopping carts and for water to remain upon its floor for an unreasonably long period of time;

    (h) Carelessly and negligently failed to properly and adequately light the foyer, so that patrons would be able to see the wet floors;

    (i) Carelessly and negligently failed to properly and adequately warn its patrons that the floor in the foyer was wet and to avoid said wet floors;

    7.    That as a direct and proximate result of one or more of the foregoing acts or omissions, the Plaintiff, IRENA DOMKIENE, was caused to then and there slip and fall to the

2

ground below.

8. That as a direct and proximate result of the aforesaid, the Plaintiff, IRENA DOMKIENE, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; that the Plaintiff was caused to and did lose much time from her employment, thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties.

WHEREFORE, the Plaintiff, IRENA DOMKIENE, prays judgment against the Defendants, MENARDS, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

Respectfully submitted,
IRENA DOMKIENE

By: *[signature]*

One of Plaintiff's Attorneys

ELECTRONICALLY FILED
6/2/2015 8:23 PM
2015-L-005617
PAGE 3 of 4

Alexander M. Tolmatsky
Attorney for Plaintiff
3400 Dundee Road
Suite 150
Northbrook, Illinois 60062
(847) 541-8100
Attorney I.D. No.: 28339

3

STATE OF ILLINOIS )
) SS:
COUNTY OF COOK )

## AFFIDAVIT

Under oath, I, Alexander M. Tolmatsky, state as follows:

1. That I am one of Plaintiffs' attorneys in the above-captioned matter.

2. That pursuant to Illinois Supreme Court Rules each Plaintiff seeks recovery of damages from the Defendant in an amount in excess of Fifty Thousand Dollars.

3. Further affiant sayeth not.

_____
Alexander M. Tolmatsky
One of Plaintiff's Attorneys

Subscribed and Sworn to before
me this 2nd day of June, 2015.

_____
Notary Public

ELECTRONICALLY FILED
6/2/2015 8:23 PM
2015-L-005617
PAGE 4 of 4

OFFICIAL SEAL
OLGA SAKHNIUK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/21/16