**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IRENA DOMKIENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:15-cv-05732 |
| -v- | ) | |
| | ) | |
| MENARDS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT MENARD, INC.'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, Menard, Inc., by and through its attorneys, Gary T. Jansen, Nicole D. Milos, and Laura E. Fahey, of Cremer, Spina, Shaughnessy, Jansen & Siegert, LLC, and pursuant to Federal Rule of Civil Procedure 56, requests that this Honorable Court grant summary judgment in favor of Defendant and against Plaintiff. In support thereof, Defendant states as follows:

## MEET AND CONFER REQUIREMENT

Pursuant to Honorable Judge Sara Ellis' Summary Judgment Practice Meet and Confer Requirement, the parties participated in an in-person meet and confer conference on February 19, 2016. Attorney Bryan J. O'Connor, Jr. attended on behalf of Plaintiff Irena Domkiene. Attorney Laura E. Fahey attended on behalf of Defendant Menard, Inc.

Prior to the meet and confer conference, Defendant Menard, Inc.'s counsel sent a letter to Plaintiff's attorney, setting forth the facts and law supporting a *Motion for Summary Judgment*. At the February 19, 2016 meet and confer conference, Defendant's attorney stated that Defendant Menard, Inc. was entitled to summary judgment based on the natural accumulation tracked-in water defense. Further, Defendant's attorney stated that Illinois law holds that the

natural accumulation tracked-in water defense applies regardless of whether the water was tracked-in by customers or a business owner's employees. Plaintiff's attorney stated that his opposition to Menard, Inc.'s *Motion for Summary Judgment* is based on the testimony that the floor was wet due to water dripping from shopping carts.

Defendant's attorney stated that if Plaintiff was interested in avoiding a *Motion for Summary Judgment*, Plaintiff must lower her settlement demand, which Menard considered unreasonable. Plaintiff's attorney stated he would advise Defendant's attorney if Plaintiff was interested in settling the case for less than her demand, in lieu of Defendant proceeding with a *Motion for Summary Judgment*. To date, Plaintiff has not lowered her settlement demand. In light of the strength of the bases supporting a *Motion for Summary Judgment*, and the likelihood that settlement negotiations would be unsuccessful in light of the amount of Plaintiff's settlement demand, Defendant Menard, Inc. proceeds with this *Motion for Summary Judgment*.

## MOTION FOR SUMMARY JUDGMENT

Plaintiff Irena Domkiene alleges that she slipped and fell on water on the floor of a Menard's store in Chicago, Illinois. (*Joint Statement of Undisputed Material Facts*, Doc. No. 26, ¶¶ 5, 7, 8.) The evidence shows it was raining at the time of Plaintiff's accident. (*Id.* at ¶3.) Further, the evidence establishes that the water on which Plaintiff fell was a natural accumulation tracked in from outside. (*Id.* at ¶¶ 7, 8, 10.)

A landowner is not liable for injuries resulting from the natural accumulation of ice, snow, or water that are tracked inside his premises. *Wilson v. Gorski's Food Fair*, 196 Ill. App. 3d 612, 614 (1st Dist. 1990).

Illinois courts have consistently held that the tracked-in natural accumulation rule applies regardless of whether the water was tracked in by customers or a business owner's employees. *Swartz v. Sears, Roebuck & Co*., 264 Ill. App. 3d 254, 268-269 (1st Dist. 1993).

Therefore, Defendant, Menard, Inc. owed no duty to warn or protect Plaintiff against the natural accumulation of water that was tracked-in to its store.

The bases supporting Defendant Menard, Inc.'s *Motion for Summary Judgment* are more fully set forth in Defendant's *Memorandum in Support of Defendant Menard, Inc.'s Motion for Summary Judgment*, which is filed contemporaneously herewith. (Doc. No. 28.) Defendant also files contemporaneously herewith a *Joint Statement of Uncontested Material Facts*. (Doc. No. 26.)

WHEREFORE, Defendant Menard, Inc. prays that this Honorable Court grant summary judgment in favor of Defendant and against Plaintiff, and for any other relief it deems just.

Respectfully submitted,

By:\_\_/s Gary T. Jansen_____
    One of the Attorneys for Defendant
    Menard, Inc.

Gary T. Jansen, gjansen@cremerspina.com
Nicole D. Milos, nmilos@cremerspina.com
Laura E. Fahey, lfahey@cremerspina.com
CREMER, SPINA, SHAUGHNESSY, JANSEN & SIEGERT, LLC
One North Franklin, 10th Floor
Chicago, Illinois 60606
T: (312) 726-3800
F: (312) 726-3818
Doc ID 339670

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 31, 2016, the foregoing *Motion for Summary Judgment* was electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following parties:


Bryan J. O'Connor
Bryan J. O'Connor, Jr.
O'Connor Law Group LLC
140 S. Dearborn St. #320
Chicago, IL 60603
T: (312) 236-1814
F: (312) 580-5479
boc@oconnorlawgrp.com
BOCJR@oconnorlawgrp.com


/s/Gary T. Jansen